# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2025 WY 33

*October Term, A.D. 2024*

**March 26, 2025**

|  |  |
|---|---|
| **BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR,**<br><br>Petitioner,<br><br>v.<br><br>**JOHN C. HOARD, WSB #5-2000,**<br><br>Respondent. | D-25-0002 |

## ORDER OF 90-DAY SUSPENSION

[¶1]    **This matter** came before the Court upon a Report and Recommendation for 90-Day Suspension, filed herein February 5, 2025, by the Board of Professional Responsibility for the Wyoming State Bar.  The Report and Recommendation was filed pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure, which governs stipulated discipline.  The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Respondent John C. Hoard should be suspended from the practice of law for 90 days.  It is, therefore,

[¶2]    **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for 90-Day Suspension, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]    **ADJUDGED AND ORDERED** that, as a result of the conduct set forth in the Report and Recommendation for 90-Day Suspension, John C. Hoard shall be suspended from the practice of law for 90 days, with the period of suspension to begin April 1, 2025; and it is further;

[¶4] **ADJUDGED AND ORDERED** that, during the period of suspension, Respondent shall comply with the requirements of the Wyoming Rules of Disciplinary Procedure, particularly Rule 21 of those rules. That rule governs the duties of disbarred and suspended attorneys; and it is further

[¶5] **ORDERED** that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Mr. Hoard shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay the administrative fee of $750.00. Mr. Hoard shall pay the total amount of $800.00 to the Wyoming State Bar on or before April 4, 2025. If Mr. Hoard fails to make payment in the time allotted, execution may issue on the award; and it is further

[¶6] **ORDERED** that the Wyoming State Bar may issue the agreed press release contained in the Report and Recommendation for 90-Day Suspension; and it is further

[¶7] **ORDERED** that the Clerk of this Court shall docket this Order of 90-Day Suspension, along with the incorporated Report and Recommendation for 90-Day Suspension, as a matter coming regularly before this Court as a public record; and it is further

[¶8] **ORDERED** that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order of 90-Day Suspension, along with the incorporated Report and Recommendation for 90-Day Suspension, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶9] **ORDERED** that the Clerk of this Court cause a copy of this Order of 90-Day Suspension to be served upon Respondent John C. Hoard.

[¶10] **DATED** this 26th day of March, 2025.

BY THE COURT:

/s/

**KATE M. FOX**
**Chief Justice**

BEFORE THE SUPREME COURT

STATE OF WYOMING

IN THE SUPREME COURT
STATE OF WYOMING
FILED

FEB 0 5 2025

SHAWNA GOETZ, CLERK
*Carlyn Rando*
by DEPUTY

In the matter of          )
JOHN C. HOARD             )
WSB # 5-2000,             )          WSB No. 2023-025
                          )
Respondent.               )          D-25-0002

## REPORT AND RECOMMENDATION FOR 90-DAY SUSPENSION

THIS MATTER came before a Review Panel of the Board of Professional Responsibility via videoconference on the 7th day of January 2025, for consideration of the parties' Stipulation for 90-day Suspension pursuant to Rules 9 and 12 of the Wyoming Rules of Disciplinary Procedure. Present on the call were Review Panel members Kylie M. Waldrip (Chair), Susan Chapin Stubson, and Tandy Dockery. Melinda S. McCorkle, Deputy Bar Counsel, appeared on behalf of the Wyoming State Bar. Respondent John C. Hoard appeared on his own behalf. Pursuant to Rule 12(c)(3) of the Wyoming Rules of Disciplinary Procedure, Complainant was notified of the videoconference and submitted a written statement regarding the form of discipline. Respondent John C. Hoard was provided with a copy of this Report and Recommendation for 90 Day Suspension on January 10, 2025, with a requested response deadline of January 17, 2025, and the Respondent failed to respond. The Review Panel having reviewed the Stipulation, the supporting Affidavit and being fully advised in the premises, finds, concludes and recommends:

### Findings of Fact

1.     Respondent has been licensed to practice law in Wyoming since 1982. Respondent is a private practitioner in Casper, Wyoming.

2. In 2020, Respondent received a public censure for violating Wyoming Rule of Professional Conduct 1.3 (diligence). The public censure was based upon Respondent's failure to act diligently and promptly by failing to timely file a client's bankruptcy petition, causing injury to his client. *Bd. of Pro. Resp., Wyoming State Bar v. Hoard,* 2020 WY 83, 466 P.3d 834 (Wyo. 2020).

3. The present case stems from the lengthy delay between the execution of a Settlement Agreement in November 2019 ("Settlement Agreement") and compliance with the Settlement Agreement, and thus, dismissal of the lawsuit, in June 2023. The delay and intervening actions led opposing counsel to file a Complaint Before the Board of Professional Responsibility.

4. Respondent represented Defendants in a property access dispute in which Defendants blocked an easement of record that Plaintiffs had across the northeast area of the property. Pursuant to the 2019 Settlement Agreement, the parties agreed to grant each other an easement (12' wide) across a corner of their property in exchange for a dismissal of the Plaintiffs' lawsuit. The location of the easement presented complications, but because Defendants were intruding on the easement, it was incumbent upon Defendants' attorney, Respondent, to handle the legal work for Defendants ensuring that a usable easement was secured from the West, if possible, and if not, to the East of the Plaintiffs' then easement.

5. Throughout the case, Plaintiffs' counsel ("Opposing Counsel") sent dozens of letters and emails to Respondent, many of which were not timely responded to or responded to at all.

6. On July 20, 2020, Plaintiffs filed a *Motion to Enforce the Settlement Agreement.*

7. On September 16, 2020, the Court granted the Motion and provided the parties with 120 days to perform the Settlement Agreement.

2

8. Defendants failed to comply with the 120-day deadline set by the Court. Accordingly, on January 15, 2021, Plaintiffs filed a *Motion for Order to Show Cause* ("OSC").

9. The OSC was granted on March 31, 2021, with the Court noting that neither Respondent nor Defendants presented good cause to justify the failure to perform the contract within the time ordered in the Court's *Order Granting Motion to Enforce Settlement Agreement.* The Court found that there was clear and convincing evidence of a willful violation of the Order, entered a finding of contempt, ordered Defendants to obtain the easement from the West (the Hardt easement) within fifteen (15) days of the date of the Order and "if Defendants cannot accomplish this, Defendants and their counsel will provide all information they have on the Hardt Family Trust to [opposing counsel], who will then attempt to obtain the Hardt easement." The Court awarded $3,520.00 in attorney's fees to be paid to Plaintiffs for the willful violation.

10. The adjacent owner, Hardt Family Trust, was unwilling to grant the easement. In February 2022, Opposing Counsel relayed the same to Respondent and requested that Defendants confirm an easement in the northeast area of its property as required by the Settlement Agreement.

11. On March 4, 2022, and March 18, 2022, Opposing Counsel reiterated this request as he had received no response to the February 2022 communication.

12. In April 2022, Plaintiffs filed their *Second Motion to Enforce Settlement Agreement.* In August 2022, the Court entered an Order commanding Defendants to "provide to plaintiffs, in form and in fact, a legally and practically useable easement that complies with' the parties' settlement agreement by October 19, 2022." The Court awarded Plaintiffs $1,500.00 in attorney's fees.

13. In January 2023, Defendants filed a *Second Motion for Order to Show Cause* ("Second OSC"). The Second OSC noted that Opposing Counsel had made several attempts to

3

contact Respondent to determine if Defendants had made any efforts to comply with the August 2022 Order, i.e., obtaining a usable easement and payment of attorney's fees.

14. An evidentiary hearing on the Second OSC was held April 19, 2023. In May 2023, the Court granted the Second OSC and granted Plaintiffs' request for costs and fees incurred since November 1, 2022.

15. The lawsuit was finally dismissed on June 23, 2023.

16. Respondent has conditionally admitted that his dilatory conduct violates Rules 1.3 (diligence) and 3.2 (expediting litigation) of the Wyoming Rules of Professional Conduct. The litigation commenced in February 2019 and was ostensibly resolved via the Settlement Agreement in November 2019. Over 3½ years later, the terms of the Settlement Agreement were finally completed. Further, even if the delay in completing the case had been at Defendants' direction, which it was not, such a delay is improper and disallowed. Indeed, the delay negatively impacted Respondent's client, who testified that the length of the lawsuit caused her great stress. Further, Defendants were assessed monetary sanctions based on the delay.

17. Respondent has conditionally admitted that his failure to communicate with Opposing Counsel violates Rule 801(a)(5) and (7) of the Uniform Rules for District Court, which in turn violates Rule 3.4(c) (fairness to opposing party and counsel). Respondent did not respond timely, or at all, to Opposing Counsel's repeated inquiries regarding the easement and other attempts to comply with the settlement agreement, resulting in delay, increased costs to both parties, and court intervention.

18. Respondent has conditionally admitted that his dilatory conduct and failure to communicate with Opposing Counsel violates Rule 8.4(d) (engage in conduct that is prejudicial to the administration of justice) of the Wyoming Rules of Professional Conduct as follows:

4

(1) Respondent failed to comply or make any efforts to comply with the requirements of the settlement agreement, even after the Court entered an Order requiring the parties to perform the settlement agreement within 120 days and then found that there was a willful violation of that Order, entered a finding of contempt, and ordered R&A to obtain the easement within fifteen (15) days of the date of the Order. Even after this Order, Respondent still failed to make efforts to comply with the settlement agreement or comply with the Court's Order.

(2) Respondent's conduct bore directly on the judicial process because it impacted a specifically identifiable case, i.e., *Hodder v. First Interstate Motel, et al.,* Civil Action No. 106024-A, Seventh Judicial District Court. The conduct led to Plaintiffs filing two *Motion(s) to Enforce Settlement Agreement* and two *Motion(s) for Order to Show Cause.*

(3) The two *Motion(s) to Enforce Settlement Agreement, Motion(s) for Order to Show Cause,* and assessment of attorney's fees on two occasions adversely impacted the case, seriously interfered with the legal process, and were prejudicial to the administration of justice. Both parties were negatively impacted by the delay, Plaintiffs were required to spend significant resources attempting to enforce the settlement agreement, and Defendants were twice sanctioned for the delay. The Court's intervention because of the delay caused the Court to invest a great deal of time on these issues. The Court invested resources in the matter, including reviewing briefing, holding a hearing, and assessing fees.

19. The rule violations to which Respondent has conditionally admitted are supported by clear and convincing evidence in the record before the Review Panel.

20. The parties agree, and the Review Panel so finds, that Respondent acted with knowledge.

21. The parties agree, and the Review Panel so finds, that Respondent's professional misconduct resulted in injury to Respondent's client, the opposing party and the legal system.

22. Aggravating factors include prior disciplinary offenses, a pattern of misconduct, multiple offenses, refusal to acknowledge wrongful nature of conduct, and substantial experience in the practice of law.

5

23. The parties agree, and the Review Panel so finds, that the conduct underlying Respondent's 2020 public censure is similar to the present misconduct.

24. The sole mitigating factor is the absence of dishonest or selfish motives.

25. In consideration of Respondent's misconduct, the Review Panel finds that a 90-day suspension is the appropriate sanction in this case.

26. If the Court issues an Order of 90-day Suspension in accordance herewith, Deputy Bar Counsel and Respondent agree to the following press release:

> The Wyoming Supreme Court has issued an order of the disciplinary suspension of John C. Hoard, of Casper, Wyoming, for a period of 90 days. The order stems from Hoard's conduct in failing to comply with a Settlement Agreement entered in November 2019 in which the parties agreed to a 12' wide easement. Throughout the case, opposing counsel tried without success to communicate with Hoard, who was nonresponsive or did not a take action required to comply with the Agreement, requiring opposing counsel to perform work Hoard had been ordered to do. The result was two motions to enforce the settlement agreement, two motions for order to show cause, and requests for monetary sanctions against Hoard's client, all of which were granted. The Settlement Agreement was finally complied with in April 2023. Opposing counsel and the Court were required to expend great resources to enforce an agreement to which neither party objected but was not completed due to Hoard's dilatory conduct. The parties' stipulation for a 90-day suspension of Hoard's license to practice law was approved by the Board of Professional Responsibility (BPR) of the Wyoming State Bar and was submitted to the Wyoming Supreme Court. In adopting the BPR's recommendation for a 90-day suspension, the Court ordered Hoard to pay an administrative fee of $750.00 and costs in the amount of $50.00 to the Wyoming State Bar.

## Conclusions of Law

27. Rule 1.3, W.R.Prof.Cond. (Diligence), states, "A lawyer shall act with reasonable diligence and promptness in representing a client."

28. Rule 3.2, W.R.Prof.Cond. (Expediting Litigation) and Comment 1 thereto state:

**Rule 3.2. Expediting Litigation**

A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

6

**COMMENT**

[1] Dilatory practices bring the administration of justice into disrepute. Although there will be occasions when a lawyer may properly seek a postponement for personal reasons, it is not proper for a lawyer to routinely fail to expedite litigation solely for the convenience of the advocates. Nor will a failure to expedite be reasonable if done for the purpose of frustrating an opposing party's attempt to obtain rightful redress or repose. It is not a justification that similar conduct is often tolerated by the bench and bar. The question is whether a competent lawyer acting in good faith would regard the course of action as having some substantial purpose other than delay. Realizing financial or other benefit from otherwise improper delay in litigation is not a legitimate interest of the client.

29. Rule 3.4, W.R.Prof.Cond. (Fairness to opposing party and counsel) states in pertinent part:

**Rule 3.4. Fairness to opposing party and counsel.**

A lawyer shall not:

(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

30. Rule 801(a)(5) and (7) of the Uniform Rules for District Court states:

(a) *Standards of Behavior in Adjudicative Proceedings.* —

> (5) Attorneys shall be reasonably punctual in their communications with all persons involved in the adjudicative process and shall appear on time for all duly scheduled events involved in the adjudicative process, unless excused or detained by circumstances beyond their reasonable control. When an attorney, or an attorney's client, or a witness under the reasonable control of an attorney, becomes unavailable for a duly scheduled event, then the attorney shall promptly notify opposing counsel and, where appropriate, court reporters, court personnel, and others involved in the event.

> \*\*\*

> (7) Attorneys shall confer with opposing counsel and shall endeavor in good faith to resolve disputes before seeking the Court's intervention. This requirement applies to the filing of motions generally, in addition to those matters that arise under the situations addressed by this rule.

31. Rule 8.4(d), W.R.Prof.Cond., states: "It is professional misconduct for a lawyer to…engage in conduct that is prejudicial to the administration of justice."

7

32. The Wyoming Supreme Court has adopted a test from the D.C. Court of Appeals for determining whether an attorney's conduct violates Rule 8.4(d):

> (1) that the attorney acted improperly in that [s]he either took improper action or failed to take action when he or she should have acted; (2) that the conduct involved bears directly upon the judicial process (i.e., the administration of justice) with respect to an identifiable case or tribunal; and (3) that the conduct tainted the judicial process in more than a *de minimis* way, meaning that it at least potentially impacted upon the process to a serious and adverse degree. When applying this test, we focus "on conduct which interferes with the legal process." Rule 8.4(d) "encompass[es] derelictions of attorney conduct considered reprehensible to the practice of law," but is "not so broad as to encompass any and all misconduct by an attorney."

*Bd. of Pro. Resp., Wyoming State Bar v. Manlove*, 2023 WY 27, ¶ 66, 527 P.3d 186, 213 (Wyo. 2023) (internal citations omitted) (citing *Bd. of Pro. Resp. v. Hinckley*, 2022 WY 18, 503 P.3d 584 (Wyo. 2022) and *In re Owusu*, 886 A.2d 536 (D.C. 2005)).

33. Rule 15(b)(3)(D), W.R.D.P., provides, "In imposing a sanction after a finding of misconduct by the respondent, the BPR shall consider the following factors, as enumerated in the ABA Standards for Imposing Lawyer Sanctions:"

34. <u>First Factor: The Duty Violated.</u> Violations of Rule 1.3 fall under Standard 4.4, "Lack of Diligence," of the ABA Standards. Standard 4.4 sets forth the following guidelines:

> Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving failure to provide competent representation to a client:

> 4.41  Disbarment is generally appropriate when:
> (a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
> (b) a lawyer knowingly fails to perform services for a client and causes injury or potentially serious injury to a client;
> (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

> 4.42  Suspension is generally appropriate when:
> (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or

8

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

4.43 [Public censure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.

4.44 [Private reprimand] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client.

35. Violations of Rules 3.3, 3.4(c), and 8.4(d) fall within ABA Standard 6.2, which sets forth the sanction guidelines for lawyers who abuse the legal process. Standard 6.2 provides:

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving failure to expedite litigation or bring a meritorious claim, or failure to obey any obligation under the rules of the tribunal except for an open refusal based on an assertion that no valid obligation exists:

6.21 Disbarment is generally appropriate when a lawyer knowingly violates a court order or a rule with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a party or causes serious or potentially serious interference with a legal proceeding.

6.22 Suspension is generally appropriate when a lawyer knows that he or she is violating a court order or rule, and causes injury or potential injury to a client or a party, or causes interference or potential interference with a legal proceeding.

6.23 Reprimand [i.e., "public censure" under Rule 9(a)(3), W.R.Disc.P.] is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding.

6.24 Admonition [i.e., "private reprimand" under Rule 9(a)(4), W.R.Disc.P.] is generally appropriate when a lawyer engages in an isolated instance of negligence in complying with a court order or rule, and causes little or no actual or potential injury to a party, or causes little or no actual or potential interference with a legal proceeding.

36. ABA Standard 8.0 governs cases in which discipline was previously imposed. Standard 8.0 provides:

9

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving prior discipline.

8.1    Disbarment is generally appropriate when a lawyer:
   (a) intentionally or knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession; or
   (b) has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further similar acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.

8.2    Suspension is generally appropriate when a lawyer has been reprimanded for the same or similar misconduct and engages in further similar acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.

8.3    Reprimand [i.e., "public censure" under Rule 9(a)(3), W.R.Disc.P.] is generally appropriate when a lawyer:
   (a) negligently violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession; or
   (b) has received an admonition for the same or similar misconduct and engages in further similar acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.

8.4    An admonition [i.e., "private reprimand" under Rule 9(a)(4), W.R.Disc.P.] is generally not an appropriate sanction when a lawyer violates the terms of a prior disciplinary order or when a lawyer has engaged in the same or similar misconduct in the past.

37.    <u>Second Factor: The Lawyer's Mental State.</u> The Preface to the ABA Standards includes the following discussion regarding mental state:

The mental states used in this model are defined as follows. The most culpable mental state is that of intent, when the lawyer acts with the conscious objective or purpose to accomplish a particular result. The next most culpable mental state is that of knowledge, when the lawyer acts with conscious awareness of the nature or attendant circumstances of his or her conduct both without the conscious objective or purpose to accomplish a particular result. The least culpable mental state is negligence, when a lawyer fails to be aware of a substantial risk that circumstances exist or that a result will follow, which failure is a deviation of a care that a reasonable lawyer would exercise in the situation.

10

38.     Third Factor: Actual or Potential Injury.  Under the ABA Standards, "injury" is defined as "harm to a client, the public, the legal system, or the profession which results from a lawyer's misconduct.  The level of injury can range from 'serious' injury to 'little or no' injury; a reference to 'injury' alone indicates any level of injury greater than 'little or no' injury."  "Potential injury" is defined as "harm to a client, the public, the legal system or the profession that is reasonably foreseeable at the time of the lawyer's misconduct, and which, but for some intervening factor or event, would probably have resulted from the lawyer's misconduct."

39.     Fourth Factor: Aggravating and Mitigating Factors.  ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:

9.1     *Generally*

After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.

9.2     *Aggravation*

9.21    *Definition.*  Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.

9.22    *Factors which may be considered in aggravation.*  Aggravating factors include:

(a) prior disciplinary offenses;
(b) dishonest or selfish motive;
(c) a pattern of misconduct;
(d) multiple offenses;
(e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
(g) refusal to acknowledge wrongful nature of conduct;
(h) vulnerability of the victim;
(i) substantial experience in the practice of law;
(j) indifference in making restitution; and
(k) illegal conduct, including that involving the use of controlled substances.

11

## 9.3 *Mitigation*

9.31 *Definition.* Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.

9.32 *Factors which may be considered in mitigation.* Mitigating factors include:

(a) absence of a prior disciplinary record;
(b) absence of a dishonest or selfish motive;
(c) personal or emotional problems;
(d) timely good faith effort to make restitution or to rectify consequences of misconduct;
(e) full and free disclosure to disciplinary board or cooperative attitude toward proceedings;
(f) inexperience in the practice of law;
(g) character or reputation;
(h) physical disability;
(i) mental disability or chemical dependency including alcoholism or drug abuse when:
    (1) there is medical evidence that the person is affected by a chemical dependency or mental disability;
    (2) the chemical dependency or mental disability caused the misconduct;
    (3) the recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and
    (4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.
(j) delay in disciplinary proceedings;
(k) imposition of other penalties or sanctions;
(l) remorse; and
(m) remoteness of prior offenses.

40. The Review Panel further notes the following cases in which similar misconduct occurred:

- Attorney represented client in a contract dispute. Client, a landscaping contractor, claimed that it was owed approximately $35,000 for work on a residential construction project. Attorney filed a lawsuit on behalf of the landscaping contractor against the

12

homeowners seeking recovery of that amount. Homeowners filed a counterclaim against the landscaping contractor and a third-party claim against its owner. The lawsuit was eventually settled, with the landscaping contractor and its insurer paying $55,000 to the homeowners. Other rules violated: 1.5, 3.3, 3.4(c), and 8.4(d). **Discipline: Suspension.** Attorney suspended for 90 days, ordered to refund $2,350.00 in unearned fees to the client, and to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar. *Bd. of Prof. Resp. v. Crawford-Fink*, 430 P.3d 323 (Wyo. 2018).

- Attorney committed professional misconduct in a client matter in which attorney violated a lawyer's duties of competence, diligence, and maintaining communication with client, and also collected a fee for services he failed to provide. Attorney also failed to cooperate with Bar Counsel's investigation of client's complaint including failure to respond to the formal disciplinary charge, which resulted in a default being entered against attorney in the disciplinary proceeding. Other rules violated: Rules 1.1, 1.4, 1.5, 8.1(b). **Discipline: Suspension.** Attorney suspended for six months to run consecutively with previously issued order of two-year suspension. Attorney ordered to refund $1,000.00 fee to client and to pay an administrative fee of $750.00 and costs in the amount of $605.15 to the Wyoming State Bar. *Bd. of Prof. Resp. v. Beduhn*, 406 P.3d 1220 (Wyo. 2017).

- Attorney, who had recently received a public censure for his neglect in three different matters, stipulated to a suspension for similar misconduct in four new matters. Other rules violated: 1.1, 1.4, 3.4. **Discipline: Suspension.** Attorney suspended for nine months and ordered to reimburse the Wyoming State Bar for costs $50.00 and administrative fee of $500.00. *Bd. of Prof. Resp. v. Powers*, 322 P.3d 1287 (Wyo. 2014).

- Attorney agreed to represent an out-of-state personal representative in the probate of the estate and agreed to serve as co-personal representative. Attorney failed to perform his duties in a timely, competent manner. Following a hearing, the Board of Professional Responsibility found that attorney violated several Rules of Professional Conduct in his handling of a probate matter. Other rules violated: 1.1, 1.4, 1.15, 3.1(c), 3.3. **Discipline: Suspension.** Attorney suspended for 90 days and ordered to reimburse the Wyoming State Bar for costs in the amount of $5,831.92 and administrative fee of $500.00. *Bd. of Prof. Resp. v. Bagley*, 327 P.3d 721 (Wyo. 2013).

- Attorney failed to provide competent legal services in a timely fashion and to properly communicate with clients in two cases. Other rules violated: Rules 1.1, 1.4. **Discipline: Suspension.** Attorney suspended for one year. *Bd. of Prof. Resp. v. McLaughlin*, 136 P.3d 158 (Wyo. 2006).

## Recommendation

In consideration of the foregoing Findings of Fact and Conclusions of Law, the Review Panel recommends as follows:

1.     That Respondent receive a 90-day suspension for violations of Rules 1.3, 3.2, 3.4(c), and 8.4(d), W.R.Prof.Cond., to begin no earlier than March 1, 2025.

2.     That, upon issuance of the order of the 90-day suspension, the foregoing press release may be issued.

3.     That Respondent be required to pay an administrative fee of $750.00 and costs of $50.00 to the Wyoming State Bar within 10 days of such order.

Dated this 4th day of February, 2025.

*Kylie M. Waldrip*
Kylie M. Waldrip, Chair
Review Panel of the Board of Professional
Responsibility
Wyoming State Bar

14